In re C. S. CLIFT.

No. A-2252.   Opinion filed June 3, 1914.

Application of C. S. Clift for writ of habeas corpus.   Writ allowed.

S. A. Byers and Lee F. Wilson, for petitioner.

Chas. West, Atty. Gen., for respondent.

PER CURIAM.   This is a petition for writ of habeas corpus, filed for the purpose of setting at liberty C. S. Clift.   Petitioner avers that he is illegally restrained of his liberty, and is unlawfully imprisoned in the county jail of Oklahoma county by M. C. Binion, sheriff of said county, by virtue of an illegal order of the Governor revoking a parole and ordering his re-arrest and imprisonment upon a judgment of conviction in the county court of Oklahoma county, rendered on the 30th day of April, 1910, wherein petitioner was sentenced to serve ninety days in the county jail of Oklahoma county and to pay a fine of fifty dollars and costs, and for the further reason that said judgment has been fully and lawfully executed and satisfied.

It appearing from the record that the fine and costs were paid, and that said parole was granted and accepted fifty-two days after the judgment was rendered, and that petitioner has been imprisoned an additional thirty-eight days at the time his amended petition herein was filed, it is our opinion that said judgment and sentence has been fully executed and satisfied, and that petitioner is therefore unlawfully imprisoned. wherefore, the writ of habeas corpus is allowed, and it is ordered that petitioner be forthwith discharged from further imprisonment under said judgment and sentence, and order revoking his said parole.

---

M. L. PIERCE v. STATE.

No. A-1825.   Opinion Filed June 6, 1914.

Appeal from County Court, Craig County;

S. F. Parks, Judge.

M. L. Pierce was convicted of a breach of the peace, and appeals. Affirmed.

A. C. Wallace and W. H. Kornegay, for plaintiff in error.

Chas. West, Atty. Gen., Smith C. Matson, Asst. Atty Gen., C. J. Davenport of counsel, for the State.

PER CURIAM.   This appeal is prosecuted from a conviction had in the county court of Craig county, in which the defendant was found guilty of a breach of the peace, and was sentenced to pay a fine of fifty dollars The testimony of several witnesses to the effect that plaintiff in error was cursing and swearing and using profane and obscene language is practically undisputed.   A careful consideration of the errors assigned and argued in the brief disclose no sufficient reason for reversing the judgment.   The motion to set aside, and the demurrer to the amended information were properly overruled.   Other errors assigned are purely technical, and would have no bearing upon the conclusion reached by the jury.   In the language of the statute, this court "must give judgment without regard to technical errors or defects or to exceptions which do not effect the substantial rights of the parties."   It is our opinion that plaintiff in error had a fair trial.   It follows that the judgment should be, and it is hereby, affirmed.